**IN THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| ESTHER MARGARITA LIMA SUAREZ VIUDA DE YANG, Individually and as Personal Representative of the Estate of CHANG CHEOL YANG, deceased, and on behalf of BRANDON CHEOL YANG LIMA, JI HEA YANG LIMA, and CAMILA ROMINA YANG LIMA, minor children,<br><br>Plaintiffs,<br><br>vs.<br><br>MAJESTIC BLUE FISHERIES, LLC, a Delaware limited liability company, and DONGWON INDUSTRIES CO., LTD, a corporation incorporated under the laws of Korea,<br><br>Defendants. | CIVIL CASE NO. 13-00015<br><br>**DECISION AND ORDER RE DEFENDANT DONGWON INDUSTRIES CO., LTD.'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING DONGWON'S MOTION TO DISMISS AND COMPEL ARBITRATION** |

Before the court is Defendant Dongwon Industries Co., Ltd. ("Dongwon")'s Motion for Reconsideration of the Court's Order Denying Dongwon's Motion to Dismiss and Compel Arbitration (ECF No. 114). After reviewing the parties' submissions, and relevant caselaw and authority, the court hereby **DENIES** Defendant's Motion for Reconsideration for the reasons stated herein.

**I.  PROCEDURAL OVERVIEW**

The factual and procedural background of this case are stated in this court's Decision and Order Re: Defendant Dongwon Industries Co., Ltd.'s Motion to Dismiss and Compel Arbitration and Majestic Blue Fisheries, LLC's Joinder to Dongwon's Motion to Dismiss and Compel Arbitration and need not be restated here. *See* Ord., ECF No. 113 (hereinafter "the Order").

1

On August 24, 2015, the court issued the Order, denying in part and adopting in part the magistrate judge's Report and Recommendation. ECF No. 113. The court denied Dongwon's Motion to Dismiss and Compel Arbitration, "[a]s the doctrine of equitable estoppel does not apply and Dongwon cannot enforce the arbitration clause in Yang's employment contract[.]" *Id.* at 16. The court granted in part Majestic Blue Fisheries, LLC ("Majestic Blue")'s Joinder to Dongwon's Motion to Dismiss and Compel Arbitration because "Plaintiffs have not carried their heavy burden and established that they suffered prejudice" by the acts of Majestic Blue. *Id.* at 19. The court then compelled Plaintiffs to arbitrate their claims against Majestic Blue and stayed the case as to Majestic Blue. *Id.* On September 8, 2015, Dongwon filed the instant Motion for Reconsideration of the Order. ECF No. 114.

**II.  STANDARD OF REVIEW**

A motion for reconsideration is treated as a motion to alter or amend judgment under FED. R. CIV. P. 59(e). *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). A party may file a motion for reconsideration of an interlocutory order only if it is immediately appealable. *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989). In the present case, the Order is appealable because it is an order denying an application to compel arbitration under 9 U.S.C. § 206. *See* 9 U.S.C. § 16(a)(1)(C).

The Ninth Circuit has held that relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotations omitted). Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances[.]" *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations omitted). The four basic grounds upon which a Rule 59(e) motion may be granted are: (1) to correct manifest errors of law or fact upon which the judgment rests; (2) to present newly discovered evidence or previously unavailable evidence; (3) to prevent

2

manifest injustice; or (4) to take account of an intervening change in controlling law. *Allstate Ins. Co.*, 634 F.3d at 1111. The District Court of Guam has adopted Local Civil Rule 7(p) which allows reconsideration of an order for similar grounds.[1]

A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations omitted) (emphasis in original).

## III. DISCUSSION

Dongwon asserts that the court should reconsider its Order under Local Civil Rule 7(p)(1)(C) for failing to consider material facts presented to the court. Specifically, Dongwon asserts that the court should reconsider for three reasons: (A) Plaintiffs admitted that Dongwon was the decedent's employer and that the decedent executed the employment contract with Dongwon; (B) Plaintiffs admitted that Dongwon was the alter ego of Majestic Blue; and (C) as the Order stands, there is a high potential for inconsistency with any arbitral award that Plaintiffs receive, and any question of whether a claim is arbitrable should be decided by the arbitrator.

### A. Judicial Admissions.

Dongwon contends that Plaintiffs admitted in the Complaint that Dongwon was the decedent's employer and that the decedent executed the subject contract with Dongwon. Dongwon cites to the following statements in the Complaint:

---

[1] Local Civil Rule 7(p) states, in pertinent part: "(1) Standard. Motions for reconsideration are generally disfavored. A motion for reconsideration of the decision on any motion may be made only on the grounds of:
(A) a material difference in fact or law from that represented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
(B) the emergence of new material facts or a change of law occurring after the time of such decision, or
(C) a manifest showing of a failure to consider material facts presented to the Court before such decision.
No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion except to the extent necessary to demonstrate manifest error. Failure to comply with this subsection may be grounds for denial of the motion."

3

(1) "On March 23, 2010, Mr. Yang executed an employment contract with Dongwon Industries Co., Ltd. to act as Chief Engineer of the F/V MAJESTIC BLUE." Compl. at ¶ 15, ECF No. 1.

(2) "Majestic Blue and Dongwon were at all material times the Jones Act Employers of the decedent, Chang Cheol Yang." *Id.* at ¶ 12.

Dongwon further contends that the court did not consider these judicial admissions[2] when determining that Dongwon cannot enforce the arbitration agreement, and therefore asks the court to reconsider them now.

However, as Plaintiffs correctly identify, the court has already considered these facts and determined in the Order that they were not enough to find that Dongwon may enforce the arbitration clause. In the Order, the court determined that under applicable law, Dongwon, a nonsignatory to the arbitration agreement, could enforce the arbitration agreement under equitable estoppel only in two circumstances:

(1) when a signatory must rely on the terms of the written agreement in asserting its claims against the nonsignatory or the claims are "intimately founded in and intertwined with" the underlying contract, and (2) when the signatory alleges substantially interdependent and concerted misconduct by the nonsignatory and another signatory and "the allegations of interdependent misconduct [are] founded in or intimately connected with the obligations of the underlying agreement."

*See* Ord. at 14, ECF No. 113 (quoting *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128–29 (9th Cir. 2013) (quoting *Goldman v. KPMG LLP*, 173 Cal. App. 4th 209, 219–221, (Cal. Ct. App. 2009)) (internal citations omitted)).

The court determined that because Plaintiffs' claims are dependent upon statute, not upon

---

[2] The court may take allegations in a complaint as a judicial admission of fact. *See, e.g.*, *Hakopian v. Mukasey*, 551 F.3d 843, 846 (9th Cir. 2008).

4

the contract itself, neither circumstance was present for equitable estoppel to apply. *Id.* at 15–16. In so holding, the court stated that, "even in the second circumstance, 'allegations of substantially interdependent and concerted misconduct by signatories and nonsignatories, standing alone, are not enough: the allegations of interdependent misconduct must be founded in or intimately connected with the obligations of the underlying agreement.'" *Id.* at 15 (quoting *Goldman*, 173 Cal. App. 4th at 219). In the present case, because "Plaintiffs' allegations of Defendants' interdependent misconduct (i.e., negligence and providing an unseaworthy vessel) are founded in obligations imposed by law rather than obligations imposed by Yang's employment contract," the doctrine of equitable estoppel did not apply and Dongwon could not enforce the arbitration agreement. *Id.* at 15–16.

Because the court already considered the facts of interdependent misconduct, and determined that these facts alone were not enough to allow Dongwon to enforce the arbitration agreement, there is no manifest showing of a failure to consider material facts presented to the court. *See* CVLR 7(p)(1)(C).

Dongwon counters that the court need not examine these facts under the doctrine of equitable estoppel because Plaintiffs themselves acknowledge in the Complaint that the decedent entered into the employment contract with Dongwon. This contention is groundless. Dongwon conceded that it is not a signatory to the employment contract. This court determined in its Order that "a nonsignatory to an arbitration agreement may compel arbitration 'if the relevant state contract law allows the [nonsignatory] to enforce the agreement.'" *See* Ord. at 13, ECF No. 113 (citing *Kramer*, 705 F.3d at 1128). The court then applied the relevant state contract law to these facts and determined that Dongwon cannot compel arbitration. Accordingly, the court did consider the facts that Dongwon claims were not considered by the court and therefore DENIES the Motion for Reconsideration based on this argument.

5

**B. Alter Ego.**

Dongwon next contends that Plaintiffs alleged an alter ego relationship between Majestic Blue and Dongwon in the Complaint, and that this compels the court to reconsider the Order. Besides the statements in the Complaint described above (that the decedent executed an employment contract with, and was employed by, Dongwon), Dongwon cites to the following statements in the Complaint:

(1) "Majestic Blue was at all times material hereto, Dongwon's agent and alter ego, as Dongwon was the de facto owner of and completely controlled and dominated, Majestic Blue." Compl. at ¶ 10, ECF No. 1.

(2) "Dongwon . . . was the legal owner, operator, and/or manager of, and/or maintained and/or controlled the F/V MAJESTIC BLUE, doing business in Guam by and through its wholly owned subsidiary and/or agent Majestic Blue Fisheries, LLC." *Id.* at ¶ 8.

Dongwon asserts that the court did not consider these alter ego statements when determining that Dongwon cannot enforce the arbitration agreement.

First, as discussed *supra*, the court already considered any facts of interdependent misconduct and determined that these facts alone were not enough to allow Dongwon to enforce the arbitration agreement.

Second, Plaintiffs' allegations in the Complaint regarding alter ego cannot be accepted as judicial admissions. Judicial admissions are "formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (internal quotations omitted). In the present case, Plaintiffs' alter ego statements are not statements of fact—they are statements of legal argument, which are not considered to be binding judicial admissions. *See, e.g.*, *Lam Research Corp. v. Schunk Semiconductor*, 65 F. Supp. 3d 863, 870 (N.D. Cal. 2014)

(internal quotations omitted).

Third, for Dongwon to assert that Plaintiffs "cannot hide" from their alter ego statements is the incorrect focus of a motion for reconsideration; the focus is on Dongwon's failure to raise the alter ego argument, not on Plaintiffs' mention of the argument in the Complaint. *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880. Dongwon is improperly raising an alter ego argument for the first time in this Motion. A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*; *see also Kona Enters., Inc.*, 229 F.3d at 890.

Therefore, the court DENIES the Motion for Reconsideration based on this argument.

**C.  Threat of Inconsistency or Question of Arbitrability.**

Dongwon contends that because the court's Order excludes Dongwon, but not Majestic Blue, from any future arbitration proceeding, if Plaintiffs receive a favorable arbitration award, they could enforce it against Dongwon, possibly under an alter ego theory, resulting in inconsistency. Further, Dongwon contends that any question of whether Plaintiffs' claims against Dongwon are arbitrable is for the arbitrator to decide—not this court.

Dongwon is incorrect for two reasons. First, Dongwon could have raised the inconsistency argument before the issuance of the Order, but it failed to do so. Parties are responsible for considering the practical effects of a court's order and arguing the matter before the order is issued. *See, e.g.*, *Kona Enters., Inc.*, 229 F.3d at 890–91. In *Kona Enterprises*, the Ninth Circuit affirmed the district court's decision to deny a Rule 59(e) motion for reconsideration when the plaintiffs raised a choice-of-law issue for the first time, claiming that they had no reason to question the choice-of-law issue until the district court ruled that their claims were governed by Hawaiian law instead of North Carolina law. *Id.* In so affirming, the Ninth Circuit stated that the plaintiffs were aware that the district court could possibly apply

7

Hawaiian law at least four months before the district court issued the order, and thereafter had numerous opportunities to argue that North Carolina law should apply. *Id.* at 891.

In the present case, Majestic Blue joined Dongwon's Motion to Dismiss and Compel Arbitration on August 25, 2014, which is after Dongwon had finished briefing, but prior to the oral arguments before the magistrate judge on October 7, 2014 and before this court on July 30, 2015. At the oral arguments, Dongwon thus was aware that the court could possibly decline to compel arbitration as to one or both Defendants, but it failed to argue any threat of inconsistency from such a ruling.

Second, this court did not improperly decide that Plaintiffs' claims against Dongwon were not arbitrable. Where there is an absence of clear and unmistakable evidence that plaintiffs agreed to arbitrate the question of arbitrability with nonsignatories, the district court has the authority to decide whether the instant dispute is arbitrable. *Kramer*, 705 F.3d at 1127. In the present case, the arbitration agreement did not clearly indicate whether the dispute between Dongwon and Plaintiffs was arbitrable, or that the question of arbitrability was arbitable, and thus the court had the authority to decide that Dongwon was unable to enforce the agreement.

Therefore, the court DENIES the Motion for Reconsideration based on this argument.

## IV. CONCLUSION

Based on the discussion above, the court **DENIES** Defendant's Motion for Reconsideration of the Court's Order Denying Dongwon's Motion to Dismiss and Compel Arbitration.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
    Chief Judge
Dated: April 11, 2016